IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CLAUDIA ROHR, | ) | CIVIL 16-00162 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CRIME VICTIMS COMPENSATION COMMISSION of the State of Hawai`i, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT FILED JULY 6, 2016**

On November 23, 2016, this Court issued its Order Denying Defendant's Motion to Dismiss Amended Complaint Filed on June 6, 2016 ("11/23/16 Order" and "Motion to Dismiss"). [Dkt. nos. 17 (Motion to Dismiss), 34 (11/23/16 Order).] On December 8, 2016, pro se Plaintiff Claudia Rohr ("Plaintiff") filed a motion seeking reconsideration of part of the 11/23/16 Order ("Motion for Reconsideration"). [Dkt. no. 37.] On December 27, 2016, Defendant Crime Victims Compensation Commission ("Defendant") filed its memorandum in opposition, and Plaintiff filed her reply on January 13, 2017. [Dkt. nos. 42, 49.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the

motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below. Specifically, this Court GRANTS the Motion for Reconsideration insofar as this Court HEREBY WITHDRAWS the portion of the 11/23/16 Order concluding that a two-year statute of limitations period applies to Plaintiff's claim. The Motion for Reconsideration is DENIED in all other respects.

### BACKGROUND

The relevant background is set forth in the 11/23/16 Order, and this Court only repeats the events that are relevant to the Motion for Reconsideration.

On June 6, 2016, Plaintiff filed her Amended Complaint, and she filed an errata to the Amended Complaint on August 10, 2016. [Dkt. nos. 14, 21.] Plaintiff filed another errata to the Amended Complaint on December 8, 2016. [Dkt. no. 36.]

The Amended Complaint alleges a single claim – violation of Title II, Part A of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12131-34; and its implementing regulations, 28 C.F.R. Part 35. [Amended Complaint at ¶¶ 61-65.]

In the Motion to Dismiss, Defendant sought dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the

ground that Plaintiff's claim was time-barred.  In the 11/23/16 Order, this Court concluded that the two-year statute of limitations period in Haw. Rev. Stat. § 657-7 applied to Plaintiff's claim.  [11/23/16 Order at 12-13.]  Although this Court agreed with Defendant that a possible statute-of-limitations defense was apparent on the face of the Amended Complaint, this Court found that there were issues of fact regarding Plaintiff's and Scott Andrews's diligence and the timing of their discovery of the cause of action.  This Court therefore denied Defendant's Motion to Dismiss.  [Id. at 14-15.]

In the Motion for Reconsideration, Plaintiff argues that this Court erred in concluding that the two-year statute of limitations applies.  Plaintiff argues that the four-year statute of limitations in 28 U.S.C. § 1658 applies because her claim would not have been possible under the ADA, prior to the ADAAA.

## STANDARD

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). . . . "Mere disagreement with a previous order is an insufficient basis for reconsideration."  Davis, 2014 WL 2468348, at *3

3

>     n.4 (citations and internal quotation marks
>     omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014). Local Rule 60.1 states, in relevant part:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
>     (a) Discovery of new material facts not previously available;
>
>     (b) Intervening change in law;
>
>     (c) Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must be filed and served not more than fourteen (14) days after the court's written order is filed. . . .

### DISCUSSION

**I.     Timeliness of the Motion for Reconsideration**

Defendant first argues that Plaintiff's Motion for Reconsideration is untimely because Plaintiff failed to file it within fourteen days after this Court issued the 11/23/16 Order. Fourteen days after November 23, 2016 was December 7, 2016. Plaintiff filed the Motion for Reconsideration on December 8, 2016.

Local Rule 6.1 states, in relevant part, that "[u]nless otherwise specified in these rules, time periods prescribed or allowed shall be computed in accordance with Fed. R. Civ. P. 6 and other applicable court rules." Fed. R. Civ. P. 6(d) states,

4

in relevant part: "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Because the district court served Plaintiff with the 11/23/16 Order by mail, pursuant to Rule 6(d), Plaintiff had three additional days to file her motion for reconsideration.  Thus, her motion was due not more than seventeen days after November 23, 2016.  Seventeen days after November 23 was Saturday, December 10, 2016.  Pursuant to Local Rule 6.1, the deadline had to be a business day and was therefore Friday, December 9, 2016.

     Plaintiff's Motion for Reconsideration, filed December 8, 2016, was therefore timely.

## II.  December 8, 2016 Errata to the Amended Complaint

     Plaintiff filed her second errata to the Amended Complaint after this Court issued the 11/23/16 Order.  In the Motion for Reconsideration, Plaintiff states that she agrees with the 11/23/16 Order's recitation of the factual allegations in this case, except for "a few clarifications needed" in light of the second errata.  [Motion for Reconsideration at 3.]  She points out that a date this Court cited on page 8 of the 11/23/16 Order and a date cited on page 10, footnote 3, are corrected in the second errata.  [Id.]

5

This Court acknowledges the changes that Plaintiff made in the second errata, but this Court CONCLUDES that the changes in those dates do not affect the merits of the issues addressed in the 11/23/16 Order and, therefore, the filing of the second errata does not warrant reconsideration of the 11/23/16 Order.

**III. Statute of Limitations**

Plaintiff argues that this Court erred when it concluded that the two-year statute of limitations in Haw. Rev. Stat. § 657-7 applies to Plaintiff's claim because 28 U.S.C. § 1658(a) applies.  Section 1658(a) states: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."  The United States Supreme Court has stated that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990 — and therefore is governed by § 1658's 4-year statute of limitations — if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004).

> The ADA was originally enacted on July 26, 1990. Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327.  The Rehabilitation Act was originally enacted on September 26, 1973.  But Congress amended both of these acts after December 1, 1990.  On September 25, 2008, Congress enacted the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553.  This act revised the definition of "disability" for both the ADA and the Rehabilitation Act.  See id. § 4,

6

> 122 Stat. at 3555; id. § 7, 122 Stat. at 3558 (redefining a person with a disability for Rehabilitation Act purposes in terms of the revised definition of disability for the amended ADA).
>
> Under Jones, the statute of limitations that applies to Dickinson's first four claims for relief turns on whether her ADA and Rehabilitation Act claims were "made possible" by the ADAAA's revised definition of disability. Jones, 541 U.S. at 382, 124 S. Ct. 1836.  Before the ADA was amended in 2008, it defined the disability of an individual, in relevant part, as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." ADA § 3(2)(A), 104 Stat. at 329–30 (current version at 42 U.S.C. § 12102(1)(A)).  The act itself contained no further definition of "physical or mental impairment," "substantially limits," or "major life activities."  See id.
>
> Before the ADAAA's enactment, the federal courts had interpreted these key terms of the definition of disability. . . .

Dickinson v. Univ. of N. Carolina, 91 F. Supp. 3d 755, 764 (M.D.N.C. 2015) (some citations omitted).  The district court went on to discuss the holdings in Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999), Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184 (2002), and their progeny. Dickinson, 91 F. Supp. 3d at 764–65.

> After passage of the ADAAA, however, these cases no longer reflect current law.  See Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 573–74 (4th Cir. 2015) (observing that "[i]n enacting the ADAAA, Congress abrogated earlier inconsistent caselaw").  In passing the ADAAA, Congress explicitly expressed, in its "purposes" section, its disagreement with the Supreme Court's interpretations of the ADA in Toyota and Sutton, and the applications of those cases by the lower

>federal courts. ADAAA § 2(b)(2)-(5), 122 Stat. at 3554. Congress enacted several "rules of construction" intended to overrule these cases:
>
>>The definition of "disability" in paragraph (1) shall be construed in accordance with the following:
>>
>>>(A) The definition of disability in this Act shall be construed in favor of broad coverage of individuals under this Act, to the maximum extent permitted by the terms of this Act.
>>>
>>>(B) The term "substantially limits" shall be interpreted consistently with the findings and purposes of the ADA Amendments Act of 2008.
>>>
>>>(C) An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.
>>>
>>>(D) An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.
>>>
>>>(E)(i) The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as . . . .
>
>>Id. § 4, 122 Stat. at 3555–56 (codified at 42 U.S.C. § 12102(4)); see also Carmona v. Sw. Airlines Co., 604 F.3d 848, 855 (5th Cir. 2010) ("These amendments would be very favorable to Carmona's case if they are applicable, because they make it easier for a plaintiff with an episodic condition like Carmona's to establish that he is an 'individual with a disability.'").
>
>Id. at 765–66 (alterations in Dickinson) (some citations omitted).

In the instant case, Plaintiff alleges that Andrews was an individual with disabilities under the ADAAA, [Amended Complaint at ¶ 19,] because: "[p]rior to 2007 Andrews had pre-existing psychiatric impairment for which he was prescribed medication – reoccurring major depression or bipolar disorder and anxiety, diagnosed by his treating psychiatrist . . . . Major depressive mood disorders are reoccurring or episodic in nature and can be controlled with medication." [Id. at ¶ 13.]  Further, he "suffered psychological trauma from being a victim of crime with posttraumatic stress (PTSD) issues on top of reoccurring major depression and anxiety." [Id. at ¶ 15.]  In considering Defendant's Motion to Dismiss, this Court assumes that all of the factual allegations in the Amended Complaint are true, although it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

This Court CONCLUDES that Plaintiff's Amended Complaint states a plausible argument that the four-year statute of limitations period pursuant to § 1658 **may** apply to her claim because Andrews may have been a person with disabilities under the ADAAA, but he may not have been under the ADA and the case law interpreting it prior to the ADAAA.  See id. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient

9

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S. Ct. 1955)).

This Court therefore GRANTS Plaintiff's Motion for Reconsideration insofar as this Court WITHDRAWS the portion of the 11/23/16 Order concluding that the two-year statute of limitations period in Haw. Rev. Stat. § 657-7 applies to Plaintiff's claim. This Court must make findings of fact regarding Andrews's alleged disabilities to determine which limitations period applies, and therefore the issue is not appropriate in ruling on a motion to dismiss.

This Court emphasizes that this Order does not affect the 11/23/16 Order insofar as, even if this Court ultimately concludes that a two-year statute of limitations period applies to Plaintiff's claim, there are issues of fact as to when the statute of limitations began to run, and whether some type of tolling may be available. [11/23/16 Order at 14.]

### **<u>CONCLUSION</u>**

On the basis of the foregoing, Plaintiff's December 8, 2016 Motion for Reconsideration of the Order Denying Defendant's Motion to Dismiss Amended Complaint Filed July 6, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion for Reconsideration is GRANTED insofar as this Court HEREBY WITHDRAWS the portion of its November 23, 2016 order concluding that a two-

year statute of limitations period applies to Plaintiff's claim.

The Motion for Reconsideration is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 28, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CLAUDIA ROHR VS. CRIME VICTIMS COMPENSATION COMMISSION; CIVIL 16-00162 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT FILED JULY 6, 2016**