UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CLAUDIA ROHR,<br><br>        Plaintiff,<br><br>  vs.<br><br>CRIME VICTIMS COMPENSATION COMMISSION, OF THE STATE OF HAWAI'I;<br><br>        Defendant. | CIV. NO. 16-00162 LEK-RT |

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

On July 22, 2019, the Court issued the Order: 1) Granting Defendant's Second Motion for Summary Judgment; and 2) Denying Plaintiff's Motion for Summary Judgment ("7/22/19 Order"). [Dkt. no. 150.] On August 19, 2019, pro se Plaintiff Claudia Rohr ("Plaintiff") filed a motion for reconsideration of the 7/22/19 Order, which was denied in an entering order issued on August 27, 2019 ("8/27/19 EO"). [Dkt. nos. 152.] Also on August 27, the Judgment in a Civil Case ("Judgment") was entered, pursuant to the 7/22/19 Order and the 8/27/19 EO.

Before the Court is Plaintiff's Motion for Relief from Judgment ("Motion"), filed on September 24, 2019. [Dkt. no. 154.] Defendant Crime Victims Compensation Commission of the State of Hawai`i ("Defendant" or "Commission") filed its memorandum in opposition on October 8, 2019, and Plaintiff filed

her reply on October 22, 2019.  [Dkt. nos. 156, 157.]  On November 5, 2019, Plaintiff filed a document that is titled as a motion, but, for the reasons set forth below, is construed as a supplemental memorandum in support of the Motion.  [Dkt. no. 158.]  The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Plaintiff's Motion is hereby denied for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural history of this case is set forth in the 7/22/19 Order, and only the portions that are relevant to the instant Motion will be repeated here. Plaintiff's Amended Complaint, [filed 6/6/16 (dkt. no. 14),] alleged a single claim – violation of Title II, Part A of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12131-34, and its implementing regulations, 28 C.F.R. Part 35 ("Title II Claim").  Plaintiff brought her claim as the sole beneficiary on behalf of her deceased husband, Scott Leland Andrews ("Andrews").  [7/22/19 Order at 2-3 & n.2.]

Plaintiff's Title II Claim arises from two applications for benefits that Andrews submitted to the

Commission, one related to an April 21, 2008 assault, and one related to a December 12, 2008 assault.  In Case Number 09-0857, the Commission denied the April 21 application as untimely ("Case 857"), and, in Case Number 09-0858, the Commission voted to pay Andrews's medical bills that were submitted with the December 12 application ("Case 858").  Andrews appealed both of the Commission's decisions through the state courts, but the appeals were ultimately unsuccessful.  [Id. at 4-6.]  While Andrews's appeals were pending, Plaintiff wrote letters to the Commission, arguing that, in both application processes and cases, the Commission discriminated against Andrews based on his disability.  Plaintiff requested accommodations and/or modifications to the Commission's procedures, including the reopening of Andrews's cases.  The Commission declined to act upon the letters, responding that the issues Plaintiff identified were previously considered by the Commission and the state courts.  [Id. at 6-8.]

In the instant case, Plaintiff argued the Commission discriminated against Andrews based on his disability when it denied the application in Case 857 and when it reduced the benefits that it initially approved in Case 858.  [Id. at 8-9.]  In the 7/22/19 Order, this Court ruled that, applying either the ADA's two-year statute of limitations or the ADAAA's four-year statute of limitations, the portion of the Title II Claim based

3

on the Commission's denial in Case 857 was timed-barred.[1] [Id. at 20.] This Court also ruled that the portion of the Title II Claim arising from Case 858 accrued as of August 5, 2011. [Id. at 26.] Plaintiff's equitable tolling and continuing violation arguments were rejected as to both cases, and summary judgment was granted in favor of Defendant on the ground that Plaintiff's Title II Claim was time-barred. [Id. at 28-30.] Even if Plaintiff's Title II Claim was timely, summary judgment still would have been granted in favor of Defendant because of a lack of subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine.[2] [Id. at 30-34.]

In the instant Motion, Plaintiff seeks relief from the Judgment because of the following alleged errors in the 7/22/19 Order: 1) the Court erred in basing its time-bar analysis on Andrews's August 5, 2011 appeal of the Commission's decision and order in Case 857 ("Case 857 Decision") because the decision was not part of the summary judgment record in this case; 2) the Court ignored Plaintiff's evidence of bias on behalf of the

---

[1] Because Defendant did not submit evidence addressing whether the ADA or the ADAAA applied, the 7/22/19 Order ultimately did not rule upon which statute of limitations applied. [7/22/19 Order at 14-15.]

[2] The Rooker-Feldman doctrine was established by the United States Supreme Court in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

4

Commission's investigator in Case 858; 3) the Court erred in ruling that Plaintiff's claims were time-barred because the six-year statute of limitations applied because of fraudulent concealment, pursuant to Haw. Rev. Stat. § 657-20; and 4) the Rooker-Feldman doctrine did not apply in this case because Plaintiff did not seek to undo any state court judgment.

### STANDARD

Plaintiff brings the instant Motion pursuant to Fed. R. Civ. P. 60(b)(1), which states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]" This district court has recognized that "[r]econsideration pursuant to Rule 60 is generally appropriate upon a showing of one of three grounds: (1) the availability of new evidence; (2) an intervening change in controlling law; and (3) the need to correct clear error or prevent manifest injustice." Ferretti v. Beach Club Maui, Inc., Civ. No. 18-00012 JMS-RLP, 2018 WL 3672741, at *1 (D. Hawai`i Aug. 2, 2018) (citing Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). The Motion does not identify any newly available evidence nor any intervening changes in the law. Therefore, the only issues before this Court are whether there was clear error

in the 7/22/19 Order and whether the 7/22/19 Order was manifestly unjust.

## DISCUSSION

### I. Plaintiff's Second Motion for Relief from Judgment

On November 5, 2019, Plaintiff filed a document titled "Second Motion for Relief from Judgment." [Dkt. no. 158.] On November 8, 2019, an entering order was issued, stating the merits of that motion would not be considered until after the instant Motion was resolved. [Dkt. no. 159.] However, upon further review, the Court finds that Plaintiff's November 5 filing is not a motion for separate relief, but a supplemental memorandum in support of the instant Motion. Plaintiff's November 5 filing also addresses the statute of limitations issues that are addressed in the instant Motion. The Court finds that it is unnecessary for Defendant to file a response to the supplemental memorandum.

The Clerk's Office is HEREBY DIRECTED to revise the docket entry for Plaintiff's November 5 filing to reflect that it is not a motion, but a supplemental memorandum in support of the instant Motion.

### II. Arguments Related to Timeliness

First, Plaintiff contends this Court erred in finding that Andrews's filing of an appeal on August 5, 2011 from the Case 857 Decision was evidence that he had notice of the injury

asserted in the portion the Title II Claim based on Case 857. See 7/22/19 Order at 18-20. Plaintiff asserts it was improper for this Court to make such a finding without reviewing the Case 857 Decision, which is not in the record of this case. Plaintiff's argument is misplaced because the analysis of whether Andrews knew or had reason to know of the basis for the portion of the Title II Claim related to Case 857 is not dependent upon the specific language contained within the Case 857 Decision. It was apparent from Andrews's filing of a state court appeal from the Case 857 Decision that he was aware of the denial of benefits and the lack of accommodation in the application and review process for his disability. See id. at 16-17. Thus, it was not necessary for this Court to consider the Case 857 Decision itself to determine whether the portion of Plaintiff's Title II Claim related to Case 857 was time-barred. To the extent that Plaintiff disagrees with the analysis in the 7/22/19 Order, her disagreement is an insufficient basis to grant relief under Rule 60(b). See Ferretti, 2018 WL 3672741, at *2 (citing Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005)). Plaintiff's Motion is therefore denied as to her argument regarding the absence of the Case 857 Decision from the summary judgment record.

Plaintiff also argues this Court erred in ruling that the Title II Claim was time-barred because a six-year statute of

7

limitations applied, based on Defendant's fraudulent concealment of documents that were under seal in the proceedings before the Commission and during much of the state court appellate process. Plaintiff did not raise this argument in the filings related to the parties' summary judgment motions. See generally Pltf.'s Motion for Summary Judgment, filed 3/8/19 (dkt. no. 137); Pltf.'s mem. in opp. to Def.'s motion for summary judgment, filed 3/25/19 (dkt. no. 143); Pltf.'s reply in supp. of her motion, filed 4/11/19 (dkt. no. 144). Thus, it is improper for Plaintiff to now seek relief from the Judgment, *i.e.* reconsideration of the 7/22/19 Order, on the basis of fraudulent concealment. See 8/27/19 EO at 1 (citing Bank of Am., N.A. v. Goldberg, CIV. NO. 19-00076 LEK-KJM, 2019 WL 2374870, at *3 (D. Hawai`i June 5, 2019) ("reconsideration may not be based on evidence and legal arguments that a movant could have presented at the time of the challenged decision")).

Even if the merits of Plaintiff's fraudulent concealment argument were considered, the argument would fail. Section 657-20 states:

> If any person who is liable to any of the actions mentioned in this part or section 663-3, fraudulently conceals the existence of the cause of action or the identity of any person who is liable for the claim from the knowledge of the person entitled to bring the action, the action may be commenced at any time within six years after the person who is entitled to bring the same discovers or should have discovered, the

existence of the cause of action or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

As noted in the 7/22/19 Order, if Plaintiff's Title II Claim arose under the ADA, the two-year statute of limitations in Haw. Rev. Stat. § 657-7 would have applied, but, if Plaintiff's claim arose under the ADAAA, the four-year statute of limitations in 28 U.S.C. § 1658(a) would have applied. [7/22/19 Order at 14-15.]

If the § 657-7 limitations period applied, it arguably could have been extended to six years under § 657-20, if there was fraudulent concealment. "Fraudulent concealment has been defined as employment of artifice, planned to prevent inquiry or escape investigation, and misled or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." Au v. Au, 63 Haw. 210, 215, 626 P.2d 173, 178 (1981) (citation and internal quotation marks omitted). This district court has stated that, under Hawai`i law,

> **there can be no fraudulent concealment if there is a "known cause of action."** See Mroz v. Hoaloha Na Eha, Inc., 360 F. Supp. 2d 1122, 1129 (D. Haw. 2005) ("If there is a known cause of action there can be no fraudulent concealment[.]"). Moreover,
>
>> It is not necessary that a party should know the details of the evidence by which to establish his cause of action. It is enough

9

> that he knows that a cause of action exists
> in his favor, and when he has this
> knowledge, it is his own fault if he does
> not avail himself of those means which the
> law provides for prosecuting or preserving
> his claim.
>
> Mroz, 360 F. Supp. 2d at 1129 (internal quotation
> marks and citation omitted).

Moddha Interactive, Inc. v. Philips Elec. N. Am. Corp., 92 F. Supp. 3d 982, 996 (D. Hawai`i 2015) (alteration in Moddha Interactive) (emphasis added), *aff'd sub nom.*, 654 F. App'x 484 (Fed. Cir. 2016). Because this Court has ruled that Andrews knew or should have known about the basis for the portion of the Title II Claim related to Case 857 by August 5, 2011, he had a "known cause of action" at that time, and therefore the state law fraudulent concealment doctrine does not apply. See Mroz, 360 F. Supp .2d at 1129.

If the § 1658(a) limitations period applied, it arguably could have been extended if there was fraudulent concealment. See Thorman v. Am. Seafoods Co., 421 F.3d 1090, 1094 (9th Cir. 2005) ("To establish fraudulent concealment, [the plaintiff] carries the burden of proving that (1) [the defendant] affirmatively misled him as to the operative facts that gave rise to his claim, and (2) [the plaintiff] had neither actual nor constructive knowledge of these operative facts despite his diligence in trying to uncover them." (footnote, citation, and internal quotation marks omitted)). Because

Andrews had actual or constructive notice of the factual basis for the portion of the Title II Claim related to Case 857 by August 5, 2011, the federal law fraudulent concealment doctrine does not apply.

Because there was no factual basis to support the extension of either statute of limitations period based on fraudulent concealment, Plaintiff's Motion is denied as to her fraudulent concealment argument.

## II. Rooker-Feldman Analysis

Plaintiff argues this Court erred in ruling that the Rooker-Feldman doctrine deprived it of subject matter jurisdiction because the Title II Claim did not seek to undo any state court judgment. In the 7/22/19 Order, this Court found that Plaintiff's Title II Claim sought review of the Commission's decisions in Case 857 and Case 858 so that Plaintiff could obtain different results than what was achieved in the state court review process. [7/22/19 Order at 33.] Plaintiff merely disagrees with this Court's analysis and, as previously stated, her disagreement is insufficient to warrant Rule 60(b) relief. Plaintiff's Motion is therefore denied as to her Rooker-Feldman argument.

## III. Remaining Argument and Summary

Finally, Plaintiff objects to the 7/22/19 Order's failure to address evidence which she contends shows that the

Commission's investigator was biased.  Because this Court concluded that Defendant was entitled to summary judgment based on time-bar and the Rooker-Feldman doctrine, the 7/22/19 Order did not address any evidence regarding whether or not Andrews was discriminated against based on his disability in connection with: his applications; the Commission's proceedings and rulings action upon those applications; or the state court review of the Commission's decisions.  This Court has rejected the Motion's arguments regarding the time-bar analysis and the Rooker-Feldman analysis.  Therefore, the 7/22/19 Order's lack of discussion regarding Plaintiff's alleged evidence of bias was neither a clear error nor was it a manifest injustice.  Plaintiff's Motion is denied as to her argument that this Court should have considered her alleged evidence of the investigator's bias.

The Motion does not establish that there was a clear error in the 7/22/19 Order, nor does the Motion establish that reconsideration of the 7/22/19 Order is necessary to prevent manifest injustice.  Plaintiff therefore is not entitled to Rule 60(b) relief from the Judgment.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Relief from Judgment, filed September 24, 2019, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, December 10, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CLADIA RHOR VS. CRIME VICTIMS COMPENSATION COMMISSION, OF THE STATE OF HAWAI`I; CV 16-00162 LEK-RT; ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**